NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1398
_____

DANIEL J. HEFFLEY,
                              Appellant

v.

JUDGE CATHLEEN C. BUBASH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00098)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed April 1, 2019)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Daniel Heffley appeals from the District Court's orders dismissing his complaint and denying reconsideration. For the reasons detailed below, we will affirm.

I.

In the District Court, Heffley sought to file a complaint in forma pauperis ("ifp") against the Appellee, Judge Cathleen C. Bubash of the Court of Common Pleas of Allegheny County, Pennsylvania. Heffley alleged that Judge Bubash "fraudulently" filed an Americans with Disabilities Act (ADA) complaint with the U.S. Department of Justice (DOJ) on Heffley's behalf (the DOJ ultimately declined to assist Heffley in that matter).[1] Heffley also challenged Judge Bubash's adjudication of a state court case, which appears to be in connection with custody proceedings.

The District Court granted Heffley leave to proceed ifp and screened his complaint under 28 U.S.C. § 1915(e). The District Court dismissed the complaint, concluding that Heffley's claims in the complaint were barred by judicial immunity and by the immunity provided by the Eleventh Amendment. Heffley then filed a motion for reconsideration, claiming that Judge Bubash's actions were beyond the scope of judicial immunity because she committed fraud by filing the alleged ADA complaint. The

---

[1] According to Heffley, he received a letter from the DOJ, informing him that the agency could not assist him with his ADA complaint. However, Heffley claims that he never sent the DOJ a complaint. He seems to believe that Judge Bubash interpreted a motion to recuse that he had filed in her court as a complaint raising ADA violations and forwarded it to the DOJ on his behalf.

2

District Court denied the motion.  Heffley then filed what he called an addendum to his motion for reconsideration, reiterating the same claims but providing correspondence between him, the DOJ, and the state court regarding his questions about the ADA complaint.  The District Court, treating it as a second motion for reconsideration, denied the motion.  Heffley appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's sua sponte dismissal of a complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review for abuse of discretion the District Court's denial of a motion for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

## III.

The District Court did not err in dismissing Heffley's complaint sua sponte.  As noted by the District Court, Heffley's claims against Judge Bubash are barred by the doctrine of judicial immunity.  Judicial immunity extends to judicial officers in the performance of their duties, even if their actions were "in error, w[ere] done maliciously, or w[ere] in excess of [their] authority," unless the officers acted in clear absence of all jurisdiction.  Capogrosso v. The Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (citations and internal quotation marks omitted).  Here, the allegations against Judge Bubash pertain only to actions taken in her judicial capacity, while she was presiding over the state court matters at issue.  See Stump v. Sparkman, 435 U.S. 349,

3

355-56 (1978); see also Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Although Heffley argues that Judge Bubash's alleged action of filing the ADA complaint was ministerial and beyond the scope of judicial immunity, his argument is unpersuasive. The actions that Heffley describes, including Judge Bubash's interpretation of Heffley's motion to recuse (which led to the filing of the ADA complaint on Heffley's behalf), were judicial in nature. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that the doctrine of immunity applies unless (1) the challenged action is non-judicial in nature, or (2) the challenged action was "taken in the complete absence of all jurisdiction"); see also Capogrosso, 588 F.3d at 184. Thus, the District Court properly dismissed Heffley's complaint.

Finally, the District Court did not abuse its discretion in declining to grant reconsideration. Reconsideration is warranted if a litigant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (citation omitted). As the District Court concluded, Heffley did not establish any basis for reconsideration in his initial motion for reconsideration or in what he called his addendum to his motion for reconsideration.

Accordingly, for the reasons given, we will affirm the judgment of the District Court.

4